[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action which was reached by court for trial without a jury, concerns itself with a a claim by one attorney against another concerning the entitlement to a fee generated by the settlement of a negligence case on behalf of their joint client. Based upon the relevant, admissible and credible evidence presented to this court the following constitute the findings of fact and conclusions of law herein.
The plaintiff is an experienced trial attorney who undertook to represent the client herein in a claim against the National Railroad Passenger Corporation, d/b/a Amtrak. In connection with the initiation of this case the plaintiff procured the execution of a one-third contingency fee agreement with the client. CT Page 10939
On July 17, 1991 the client who was an employee of the Amtrak claimed to have been injured on the job. On January 25, 1991 he retained the plaintiff and agreed to pay the plaintiff a one-third contingency fee. The plaintiff opened up a file, conducted an investigation of the facts surrounding the case, and filed a Complaint in the United States District Court for the District of Connecticut against Amtrak in March 1991. The plaintiff did all those things reasonably expected of a competent and experienced trial attorney in that he propounded, filed and responded to discovery and prepared his file for trial.
Prior to February 1992, the adjuster with whom the plaintiff was dealing for Amtrak extended to the plaintiff's attorney an offer to settle the case in the amount of $70,000. This offer was apparently made in a manner that is not unusual in the settlement of negligence cases in that the adjuster said to the plaintiff that if $70,000 would settle the case it was available. The plaintiff communicated this offer to the client who refused. Sometime thereafter, the client engaged the services of the defendant to represent him in the balance of this case. The plaintiff received a letter on February 14, 1992 from the defendant stating that the client wished to discharge the plaintiff and retain the defendant. The defendant did not file an appearance on behalf of the client until May 21, 1992. The court granted the plaintiff's motion to withdraw from the case on June 8, 1992. At the request of the defendant, the plaintiff provided him substantial and pertinant parts of the clients file including documents that the plaintiff had prepared in connections with the case, such as depositions, pretrial settlement memorandum, and various medical reports. This file was turned over to the defendant upon the premise and agreement that the plaintiff would be compensated for the reasonable value of services he provided.
Thereafter, and after some undue delay, the defendant finally complied with a trial preparation order in September 1992, and jury selection commenced on October 5, 1992 and the case was continued for trial on November 17, 1992. On the date assigned for trial, the matter settled for $70,000, an amount identical to the settlement offer the plaintiff had secured before the defendant took the case.
The defendant made out a check to the plaintiff for $3,000 claiming that amount to be in full and final settlement of what the plaintiff's reasonable fee would be in this matter. This CT Page 10940 offer of settlement by the defendant was flatly rejected by the plaintiff and this lawsuit ensued.
It is notable that neither side produced the client to testify in this matter. The plaintiff and the defendant have made different claims in connection with aspects of this case, particularly the amount or amounts of settlements that were offered, and their testimony and claims diverged on this point. The defendant claims that the offer made after he came into the case was $35,000 and thence progressed up the ladder until a $70,000 offer was made at the time of the trial. That is not incomprehensible, since occasionally when there is a change in counsel the opposing side will withdraw or modify unaccepted offers that had been made previously. The fact that the defendant, as successor counsel, may have had to take some extra steps in order to ultimately reobtain the $70,000 offer is believable. However, that does not alter the fact that this court concludes that the $70,000 offer having been made to the plaintiff and rejected by the client at an earlier stage in litigation, sets the stage for the plaintiff's entitlement to the most substantial part of the fee ultimately generated in this matter.
The plaintiff is entitled to the reasonable value of his services as counsel in this case. An attorney who is discharged by his client is entitled to fair compensation for his services.Cole v. Myers, 128 Conn. 223, 230 (1941). The reasonable compensation payable in a situation such as this is that for work reasonably done by the lawyer up to the point of discharge.
There is no question that the client has the right to reject any offer of settlement made. However, in a case such as this, where such a rejection by the client was made and at a later stage in the proceedings he changes his mind and accepts an offer of settlement in that amount, the initial attorney, plaintiff herein, is entitled to a substantial portion of the fee generated by that $70,000 offer that was finally accepted.
The court has reviewed the file of the plaintiff which was placed in evidence and it is concluded that of the $23,000 fee generated, the plaintiff is entitled to $20,000 and the defendant is entitled to $3,000.
Judgment is entered in favor of the plaintiff to recover as against the defendant the sum of $20,000. The court declines to CT Page 10941 award interest because it is concluded there was a colorable dispute perceived by the defendant as to the amount of the fee involved. However, the evidence suggest to this court that the defendant did not appropriately escrow the entire fee until this matter was resolved. As an adjunct order the court orders the defendant to provide to this court within fifteen days of the filing of this decision an affidavit under oath that he has deposited in escrow the sum of $21,000 in order to cover the ultimate judgment and costs involved in this case. If he shall fail to comply with this adjunct order, the court retains jurisdiction in order to conduct further proceedings to determine whether or not there has been a failure on the part of the defendant to comply with the appropriate ethical standards governing the practice of law in this jurisdiction.
It is so ordered.
HIGGINS, J.